IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Cederick E. Knox, | ) | Civil Action No. 4:18-cv-00963-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Travis Bragg, | ) | |
| Respondent. | ) | |

Before the court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 26) recommending the Court dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Petition"). For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed.

I. **Background**

Petitioner Cederick E. Knox pleaded guilty on February 6, 2007. In a plea colloquy, Petitioner acknowledged that he was agreeing to an appeal waiver in exchange for the government withdrawing an information regarding a prior conviction, thereby reducing his mandatory sentence from life imprisonment to twenty years. In relevant part, the appeal waiver waived his right to contest his conviction or sentence in "any post-conviction proceeding," including "any proceeding under [28 U.S.C. §] 2255." The waiver, however, allowed him to challenge in conviction based on four grounds including, in relevant part, "ineffective assistance of counsel."[1]

---

[1] The court takes judicial notice of the filings in Petitioner's underlying criminal case, Case No. 1:06-cr-471, in the Middle District of North Carolina. *See generally Aloe Creme Laboratories, Inc., v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue)

On April 10, 2018, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) In the Petition, Petitioner argues that pursuant to the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237, 239 (4th Cir. 2011), his sentence was unlawfully enhanced. (Dkt. No. 1 at 5 – 7.)

On August 28, 2018, Respondent Travis Bragg, the warden at FCI-Bennettsville, filed a motion to dismiss. (Dkt. No. 21). On the same day, the Magistrate Judge issued a *Roseboro* order and advised Petitioner of Respondent's motion and that the Court may grant Respondent's motion if Petitioner's failed to respond within 31 days. (Dkt. No. 22). Petitioner did not respond to the order. On October 11, 2018, The Magistrate Judge recommended dismissing the Petition based on his failure to respond to Plaintiff's motion or, in the alternative, granting Respondent's motion to dismiss. (Dkt. No. 26). On October 29, 2018, Petitioner filed a motion for an extension of time to file objections with this Court, and included a copy of a late-filed response to Respondent's motion to dismiss. (Dkt. No. 28.) The Court granted the motion, and directed Petitioner to respond by November 12, 2018. (Dkt. No. 29.) The time period for Petitioner to file objections, including the three additional days for service by mail, has now passed.

## II. <u>Legal Standard</u>

### A. **Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all

facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically object. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner did not file objections in this case, and the R & R is reviewed for clear error.

### III. Discussion

The Magistrate Judge issued a *Roseboro* Order, providing Petitioner with thirty-one (31) days to respond to the motion to dismiss. Under Fed. R. Civ. P. 41(b) a district courts may dismiss an action if a plaintiff fails to comply with an order of the court. In determining whether to dismiss a case under Rule 41(b), a Court must consider the following four factors:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted). As Petitioner is proceeding *pro se*, he is entirely responsible for his actions. *See, e.g., Jason C. Leaphart, #345183, Plaintiff, v. Mr. Williams, Mrs. Glidewell, Mr. Williams, Mrs. Maddox, Defendants*, No. 4:18-CV-1757-DCC-TER, 2018 WL 5830851, at *1 (D.S.C. Nov. 7, 2018). Plaintiff has also repeatedly proceeded in a dilatory fashion in this case, now failing to also file objections after the Court granted an extension, and there are no less drastic sanctions as Plaintiff failed to respond to a dispositive motion after being specifically warned of the potential for dismissal. Therefore, this action is dismissed pursuant to Rule 41(b).

Furthermore, the Petition is subject to dismissal on the merits. Petitioner's claims here are almost identical to the Fourth Circuit's decision in *United States v. Copeland*, 707 F.3d 522 (4th Cir. 2013), where the court ruled that a valid appeal waiver barred a subsequent petition based on *United States v. Simmons*. *See Copeland*, 707 F.3d at 529 – 30 ("We are thus compelled to conclude that Copeland's claims regarding the application of *Simmons* fall within the scope of his valid appeal waiver."). *See also Ellis v. United States*, No. 5:09-CR-17-RLV-DCK-1, 2014 WL

813844, at *2 (W.D.N.C. Mar. 3, 2014) (applying waiver to bar §2241 petition). Petitioner here entered into a valid plea agreement and appeal waiver, and Petitioner has introduced no evidence to indicate that his plea was either unknowing or involuntary. Therefore, based on the Fourth Circuit's decision in *Copeland*, Petitioner's appeal waiver bars his Petition under § 2241.

Finally, Petitioner argues his waiver was unconscionable, or otherwise involuntary, because the waiver included a provision "preventing" Petitioner from "later challenging his lawyer['s] advice in a[] post-conviction proceeding." (Dkt. No. 28-1.) However, his appeal waiver expressly permitted claims of ineffective assistance of counsel on appeal, but Petitioner has identified no facts indicating that he was not properly and ably represented by counsel. Therefore, the Court adopts the Magistrate Judge's R & R and dismisses the Petition.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 26) is **ADOPTED** as the order of the Court, and the Court **GRANTS** Respondent's Motion to Dismiss (Dkt. No. 21) and the Petition (Dkt. No. 1) is **DISMISSED.**

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of

appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to comply with the Court's *Roseboro* Order or that Petitioner validly waived his right to appeal. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 20, 2018
Charleston, South Carolina